[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE ARTICULATION, SANCTIONS AND REARGUMENT
There are two typographical errors on page 6 of the court's memorandum. The second line on that page is corrected to read as follows:
"Joanne L. Coady on January 31, 1997. Joanne L. Coady sent the LLC a $3000"
The seventh line of that page is corrected to read as follows: CT Page 3562
"another check to LLC for $2700 for `Coady Capital Account' on December 6."
The court trial concluded September 22, 1999. Briefs were received in October and November 1999.
The plaintiff moved for sanctions and now seeks articulation in regard to the Court's denial of sanctions. The plaintiff also moves to reargue. The Court granted that motion and heard reargument on March 13, 2000.
The articulation that plaintiff requests is "of the decision denying his motion for sanctions dated October 14, 1999." That motion was filed after the conclusion of trial and it asserts that defendant Martin failed to disclose the existence of a tape recording of a conversation by and between present defendant Heany and plaintiff that was produced by defendants at trial and was entered into evidence. Plaintiff saw a transcript of it on August 31, 1999. He requested no delay in trial nor did he offer any evidence of surprise or unfairness in regard to the timing of the disclosure.
The Court cannot find a contract existed between the parties.
The Court cannot find that the defendants or any of them had any fiduciary obligation to plaintiffs.
As to sanctions the Court cannot find either that defendants did deliberately withhold any discoverable material from plaintiffs, that their admission into evidence was of the slightest importance to the proof of the action or its defense or that plaintiff was in any way injured by that admission.
Norris L. O'Neill, Judge.